**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| FREDERICK E. PARAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:16-cv-02539 |
| ) | |
| ATRIUMS MANAGEMENT CO., INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S TRIAL BRIEF ON MITIGATION AND CHARACTER EVIDENCE**

COME NOW Plaintiff Frederick E. Paraham ("Plaintiff"), by and through his undersigned attorney, and for his Memorandum opposing the discussion of certain evidence by Defendants in their opening statement, states as follows.

**I.      NATURE OR THE MATTER & CONCISE STATEMENT OF FACTS**

This is an action for unlawful termination and retaliation under the Americans with Disabilities Act (the "ADA") as amended. 42 U.S.C. § 12101 *et seq.* Plaintiff was employed as a maintenance worker for Defendant Atriums Management Company, Inc. (hereinafter "Defendant Atriums") and Defendant Tutera Senior Living and Health Care, LLC (hereinafter "Defendant Tutera") (collectively hereinafter "Defendants"), which operate a series of nursing homes throughout the Kansas City metropolitan area and beyond, including "The Atriums" in Overland Park, Kansas where Plaintiff worked. Defendants terminated Plaintiff when he explained that, due to his disability, he could not help residents move into the facility, and requested as an accommodation he not be required to do so.

In Plaintiff's deposition, during the discussion of another topic, counsel for Defendants asked Plaintiff about his termination from the Residences at Prairiefire, a position Plaintiff held

after his employment with Defendants. (Deposition of Plaintiff Frederick Paraham [hereinafter, "Plainitiff Depo."], attached hereto as Exhibit A, 66:15-67:7; 67:18-68:12). As far as Plaintiff can discern, the entirety of the evidence regarding that termination is the cited deposition testimony.

On Saturday, March 24, after his motion in limine had been made and ruled upon, Plaintiff learned that counsel for Defendants intended to discuss Plaintiff's termination from Prairiefire in opening statements. Plaintiff had no indication prior to this that it would be raised at all, let alone in opening statements. Indeed, Plaintiff's counsel had proposed, and was under the impression Defendants were considering, a joint stipulation regrading lost wages. After learning of this information, Plaintiff brought this motion as soon as was reasonably practicable, given the other, ongoing trial preparation.

## II.   QUESTION PRESENTED

1.   Should the Defendants be allowed to mention Plaintiff's termination from his subsequent employment with the Residences at Prairiefire in their opening statement or admit evidence of such termination?

## III.   ARGUMENT

Plaintiff has learned that Defendants intend to discuss his subsequent termination from his employment with the Residence at Prairiefire in their opening statement. Because the evidence in question would be inadmissible, Defendants should not be permitted to discuss Plaintiff's subsequent termination in their opening statement.

### a.   The evidence is inadmissible character evidence, without a proper purpose

Defendants' introduction of evidence about Plaintiff's termination from a subsequent employer would be improper character evidence. Evidence of someone's character is not admissible to prove that on a particular occasion, that person acted in accordance with that

character. Fed. R. Evid. 404(a)(1). Specifically, evidence of a "wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). From his deposition testimony, it appears that Plaintiff was terminated from his employment at Prairiefire after a resident became angry at him for not immediately responding to a request to assist the resident, who had locked his keys in the company gym. This evidence, that Plaintiff was terminated for what could be seen as an act of insubordination or failure to complete a job task, would suggest to the jury that Plaintiff had a character for insubordination, and that on the occasion he was terminated by Defendants, he had acted in accordance with that character. This would be an improper purpose to offer that evidence.

Defendants have indicated to Plaintiff that they intend to discuss this subject in opening, and, presumably, admit it in to evidence, to argue the issue of mitigation of damages. Plaintiffs who were wrongfully terminated and are claiming damages for back pay "have an obligation to use reasonable efforts to mitigate their damages." *McClure v. Independent School Dist. No. 16*, 228 F. 3d 1205, 1214 (10th Cir. 2000) (internal quotations omitted). It is the employer which "bears the burden of showing that the employee did not exercise reasonable efforts to mitigate damages." *Id*. To meet this burden, the employer "must establish" two things, first, "that the damage suffered by plaintiff could have been avoided, i.e. that there were suitable positions available which plaintiff could have discovered and for which he was qualified," and second, that "plaintiff failed to use reasonable care and diligence in seeking such a position." *Id*. This district has also held that a Plaintiff's "voluntary quitting of alternative employment without good cause" can also "demonstrate a failure to mitigate damages." Plaintiff has found no authority in this district or in any Tenth Circuit precedent that termination from subsequent employment constitutes a failure to mitigate damages.

Here, Plaintiff's testimony in his deposition was that he was terminated. (Ex. A, Plaintiff Depo. 66:15-17). Thus, there is no indication that he failed to seek the position or quit voluntarily without good cause. Therefore, the testimony regarding the termination of his employment from the Residences at Prairiefire is not relevant to the question of mitigation, and inadmissible.

Plaintiff anticipates that Defendants will cite precedent from other circuits showing that termination for cause from subsequent employment does permit a defendant to argue a failure to mitigate. It is true that some circuits have found that subsequent termination for misconduct can also constitute a failure to mitigate. *See, e.g. Thurman v. Yellow Freight Systems, Inc.*, 90 F.3d 1160, 1169 (6th Cir. 1996). However, those cases have required that the termination not only be for misconduct, but that a plaintiff's actions that led to termination meet a certain standard, such as being a "wilful [sic] violation of company rules" or "gross or egregious" misconduct. Id.

Here, there is no evidence that Plaintiff's termination was based on any misconduct, let alone a willful violation of the rules. Plaintiff was discharged after a resident became angry with him for failing to respond to a request as quickly as the resident wanted. (Ex. A, Plaintiff Depo. at 66:19-67:7). However, Plaintiff testified that he "didn't know what was going on" when he failed to immediately go assist the resident. (*Id.*, 66:23). Moreover, Plaintiff agreed with the framing of the events by counsel for Defendants that "[a] situation happened . . . *without attributing any blame to anybody* . . . as a result of that, you were terminated." (Id., 68:3-12). Thus, by Defendants' own suggestion, the evidence does not show that Plaintiff was terminated due to any blame on his part, let alone willful misconduct or a failure to act with reasonably diligence in maintaining his position. Thus, even if this Court were to adopt the precedent from another district, there is no evidence to suggest that Plaintiff's termination from Prairiefire constituted a failure to mitigate on his part.

Because it does not show that Plaintiff's termination from his employment with the Residences at Prairiefire constituted a failure to mitigate damages, its only relevance would be as improper character evidence. For that reason, it should be excluded.

### b. The evidence is more prejudicial than probative

Even if this Court were to find that the evidence of Plaintiff's termination from his employment with the Residences at Prairiefire had some relevance to the case, the Court should still exclude such evidence because its limited probative value is substantially outweighed by its unfair prejudice to Plaintiff. Even when evidence is relevant, a district court may exclude such evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Assuming, for the sake of argument, that this Court found that there was some possibility that the circumstances of Plaintiff's termination from Prairiefire could be found by a jury to be evidence that he was terminated for willful misconduct, such evidence would be substantially outweighed by the risk of unfair prejudice, confusing the issues, and misleading the jury. In order for the evidence to be admissible on the question of mitigation, Defendants would have to argue that Plaintiff was terminated for his refusal to assist a resident. That is precisely the misconduct Defendants argue was the true, non-discriminatory reason for Plaintiff's termination. The jury would almost certainly (and improperly) use the evidence in the manner prohibited by Rule 404. This greatly outweighs the limited probative value that the evidence might indicate a failure to mitigate.

## IV.    CONCLUSION

During the extremely limited discussion of Plaintiff's termination from the Residences a Prairiefire, counsel for Defendants made clear that they were not "attributing any blame to anybody." (Plaintiff Depo. 68:5-6). Defendants cannot now argue that such termination constituted a failure to mitigate his damages. Without such a claim, the evidence is irrelevant, and should neither be admitted into evidence, nor discussed in Defendants' opening statement.

Respectfully submitted,

By: /s/ *Alexander Edelman*
Katherine E. Myers, #KS- 25833
Alexander Edelman, #KS- 25821
Edelman, Liesen & Myers, L.L.P.
4051 Broadway, Suite 4
Kansas City, MO 64111
816-533-4976
Fax: 816-463-8449
kmyers@elmlawkc.com
aedelman@elmlawkc.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of March, 2018, a true and correct copy of the foregoing was filed with the CM/ECF system which sent notification to:

Matthew T. Geiger
Benjamin R. Prell
10000 College Blvd., Suite 100
Overland Park, Kansas 66210
913-661-2430 (telephone)  913-362-6729 (facsimile)
mgeiger@geigerprell.com
bprell@geigerprell.com

**ATTORNEY FOR DEFENDANTS**

 /s/ *Alexander Edelman*
ATTORNEY FOR PLAINTIFF