**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| FREDERICK E. PARAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-2539-CM |
| | ) | |
| ATRIUMS MANAGEMENT | ) | |
| COMPANY INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OBJECTIONS OF DEFENDANTS**
**TO PLAINTIFF'S PROPOSED VERDICT FORM**
**AND ADDITIONAL PROPOSED INSTRUCTIONS**

Pursuant to Rule 51(c) of the Federal Rules of Civil Procedure, defendants object

to plaintiff's proposed verdict form and additional proposed instructions (Doc. 76).

**Objections to Proposed Verdict Form**

Plaintiff suggests the following three questions in his proposed verdict form:

1.   Do you find that plaintiff has proven by the preponderance of the evidence that he was subject to discrimination because of a disability as defined by these instructions?

   Yes _____          No _____

2.   Do you find that plaintiff has proven by the preponderance of the evidence that he was denied a reasonable accommodation as defined by these instructions?

   Yes _____          No _____

3.   Do you find that plaintiff has proven by the preponderance of the evidence that he was subject to retaliation for engaging in conduct protected by the Americans with Disabilities Act as defined by these instructions?

   Yes _____          No _____

(Doc. 76, page 11).  Defendants object to Question 2 as contrary to the Pretrial Order.  From his initial Complaint (Doc. 1, pages 8-12) through the Pretrial Order (Doc. 35, page 5), plaintiff has framed his case in two counts.  Count 1 alleges disability discrimination, which may be proven by disparate treatment, failure to accommodate, or both.  *See* Pretrial Order (Doc. 35, page 5).  Count 2 alleges retaliation.  *Id.*  Plaintiff made a strategic decision to combine disparate treatment and failure to accommodate into a single Count of disability discrimination.  With more alternative theories available to prove Count 1, plaintiff enjoyed greater insulation from summary judgment on Count 1.  Plaintiff should be bound by this strategic decision at trial.

Questions 1 and 3 fairly reflect the way plaintiff framed his case in the Pretrial Order. *See* Pretrial Order (Doc. 35, page 5).  Question 1 properly reflects Count 1 – disability discrimination.  Disability discrimination may be proven by disparate treatment, failure to accommodate, or both.  Question 3 properly reflects Count 2 – retaliation.  However, Question 2 simply creates an extra opportunity for the jury to answer "yes," when plaintiff never advanced failure to accommodate as a separate Count.  If plaintiff desired three different ways to win at trial instead of two, plaintiff should have framed the Pretrial Order in three counts instead of two.

Defendants also object to Question 8 (Doc. 76, page 12).  If the jury finds punitive damages should be assessed against only one defendant in Question 7, the jury still is allowed to assess punitive damages against both defendants in Question 8.  Moreover, Question 8 lacks the clarifying language "if any."  The clause "what amount of punitive damages do you find should be assessed …" should state "what amount of punitive damages, if any, do you find should be assessed …"  This clarifying language makes Question 8 consistent with the other damage Questions 5 and 6 (Doc. 76, page 12).

For these reasons, defendants object to plaintiff's proposed verdict form and respectfully request the Court adopt the verdict form suggested by defendants (Doc. 78).

## Objections to Additional Proposed Instructions

A trial judge has no obligation to give a requested jury instruction that misstates the law, is argumentative, or has been covered adequately by other instructions. *United States v. Mata*, 491 F.3d 237, 241 (5th Cir. 2007). A jury instruction is argumentative if it emphasizes the testimony of one witness while disregarding other relevant evidence. *Spesco, Inc. v. General Electric Co.*, 719 F.2d 233, 239 (7th Cir. 1983). The trial judge has discretion to reject argumentative instructions. *Id.*

## Plaintiff's proposed Instruction No. 1.

Plaintiff's proposed Instruction No. 1 states: "The definition of 'disability' should be understood broadly to favor expansive coverage." *See* Plaintiff's Instructions (Doc. 76, page 3). Defendants object to this instruction as argumentative, confusing and adequately covered by other instructions. The parties agreed to the definition of "disability" in *3C Fed. Jury Prac. & Instr. § 172:30 (6th ed.).* Defendants further agreed to modify the pattern instruction at the request of plaintiff to clarify "an individual is only required to satisfy one prong," even though this point is obvious from the disjunctive "or" in the original pattern instruction. Despite this compromise by defendants, plaintiff now seeks to move the jury away from the agreed definition to a broader, more subjective concept. In light of the agreed definition of "disability" jointly submitted by the parties, defendants object to this proposed instruction as argumentative, confusing and adequately covered by the jointly submitted instruction.

**Plaintiff's proposed Instruction No. 2.**

The pattern instruction for "Qualified Individual with a Disability" states:

> The term "qualified individual with a disability" means an individual with a disability who can perform the essential functions of the employment position that individual holds.   You should give consideration to, but are not bound by, defendant's judgment as to what functions of a job are essential.

*3C Fed. Jury Prac. & Instr. § 172:31 (6th ed.).*  Plaintiff seeks to redact the last sentence from the pattern instruction.  *See* Plaintiff's Instructions (Doc. 76, page 4).  Defendants seek to include the last sentence.  *See* Defendants Instructions (Doc. 77, page 2).  Defendants object to plaintiff's proposed Instruction No. 2 as an incomplete statement of the law, while the unmodified pattern instruction is a more accurate and comprehensive statement of the law.  The "ADAAA commands" that "consideration shall be given to the employer's judgment as to what functions of a job are essential."  *Adair City of Muskogee, Oklahoma*, 823 F.3d 1297, 1307 (10th Cir. 2016).  The Court weighs "*heavily* the employer's judgment regarding whether a job function is essential."  *Id.* at 1308 (emphasis in original).  Therefore, the Court should reject plaintiff's modification of the pattern instruction and instead adopt defendants' additional proposed Instruction No. 1.  *See* Defendants Instructions (Doc. 77, page 2).

**Plaintiff's proposed Instruction No. 3.**

Plaintiff's proposed Instruction No. 3 states:

> Plaintiff meets the requirement of 'being regarded as having such an impairment' if Plaintiff establishes that Plaintiff has been subjected to an action prohibited under the ADA because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major activity.

*See* Plaintiff's Instructions (Doc. 76, page 5).  Defendants object to proposed Instruction No. 3 as confusing.  A more clear statement of the law is defendants' additional proposed Instruction No. 2, which states:

> For an employee to be "regarded as" disabled, the employer must subjectively believe the employee has a substantially limiting impairment he does not have, or the employer must subjectively believe the employee has a substantially limiting impairment when in fact the impairment is not so limiting.

*See* Defendants Instructions (Doc. 77, page 3). Taken directly from *E.E.O.C. v. BNSF Railway Co.*, 853 F.3d 1150, 1155-56 (10th Cir. 2017), the instruction proposed by defendants is easier to understand without being argumentative, and more closely aligns with the agreed and jointly submitted definition of "disability" set forth in *3C Fed. Jury Prac. & Instr. § 172:30 (6th ed.)*. Therefore, the Court should reject plaintiff's proposed Instruction No. 3 and adopt defendants' additional proposed Instruction No. 2. *See* Defendants Instructions (Doc. 77, page 3).

**Plaintiff's proposed Instruction No. 4.**

Plaintiff's proposed Instruction No. 4 sets forth the "elements" of failure to accommodate. *See* Plaintiff's Instructions (Doc. 76, page 6). Defendants object to this instruction as argumentative, confusing, and contrary to the Pretrial Order. As previously discussed, plaintiff never advanced failure to accommodate as a separate cause of action, but rather one of two alternative theories to prove disability discrimination. The parties have agreed and jointly proposed the elements of disability discrimination in *3C Fed. Jury Prac. & Instr. § 172:20 (6th ed.)*, and the parties have offered competing instructions defining "reasonable accommodation." *See* Plaintiff's Instructions (Doc. 76, page 7); Defendants Instructions (Doc. 77, page 6). As a result, plaintiff's proposed Instruction No. 4 is adequately covered by other instructions. Notably, there is no pattern instruction setting forth the elements of failure to accommodate. However, *3C Fed. Jury Prac. & Instr. § 172:12 (6th ed.)*, proposed by defendants as additional Instruction No. 4, states:

Under the Americans with Disabilities Act, it is unlawful for an employer to terminate or otherwise discriminate against an employee because of that employee's disability if the employee is qualified to do the job with a reasonable accommodation by the employer of the employee's disability.

*See* Defendants Instructions (Doc. 77, page 5). Defendants respectfully submit the pattern instruction, along with their definition of "reasonable accommodation" below, better informs the jury of the applicable law without being argumentative, confusing or contrary to the Pretrial Order. The objections to plaintiff's proposed Instruction No. 4 should be sustained.

**Plaintiff's proposed Instruction No. 5.**

Plaintiff's proposed Instruction No. 5 (Doc. 76, page 7) and defendants' proposed Instruction No. 5 (Doc. 77, page 6) both begin with *3C Fed. Jury Prac. & Instr. § 172:39 (6th ed.)*:

The term "reasonable accommodation" means making modifications to the work place allowing a person with a disability to perform the essential functions of the job or allows a person with a disability to enjoy the same benefits and privileges as an employee with a disability.

Plaintiff and defendants then part ways on the second paragraphs of their instructions. Defendants state the exact language of 29 C.F.R. § 1630.2(o)(3):

To determine the appropriate reasonable accommodation it may be necessary for the covered entity to initiate an informal, interactive process with the individual with a disability in need of accommodation. This process should identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations.

*See* Defendants Instructions (Doc. 77, page 6). Plaintiff, on the other hand, summarizes § 1630.2(o)(3) in an argumentative and confusing way by framing the "interactive process" in terms of an "obligation" rather than something that "may be necessary."

Once an employee has requested a reasonable accommodation, the employer has the obligation to participate in an interactive process to identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations.

*See* Plaintiff's Instructions (Doc. 76, page 7). For these reasons, defendants object to plaintiff's proposed Instruction No. 5 and request the Court adopt defendants' proposed Instruction No. 5 (Doc. 77, page 6), or in the alternative, eliminate the second paragraph altogether and adopt the unmodified pattern instruction.

**Plaintiff's proposed Instruction No. 6.**

Plaintiff's proposed Instruction No. 6 (Doc. 76, page 8) states:

> To request a reasonable accommodation, an employee is not required to use any particular language when requesting an accommodation but need only inform the employer of the need for an adjustment due to a medical condition. The request does not need to be in writing or use the words "reasonable accommodation."

Defendants object to this instruction as argumentative. However, the objection may be cured by combining this instruction with Instructions No. 6 and No. 7 proposed by defendants.

> Reasonable accommodation is not required unless the employer has notice of the disability and the desired accommodation.

*See* Defendants Instructions (Doc. 77, page 8).

> Reasonable accommodation does not require an employer to eliminate an essential job function.

*See* Defendants Instructions (Doc. 77, page 7). Therefore, defendants request their objection be sustained, or in the alternative, the Court combine plaintiff's proposed Instruction No. 6 with defendants' proposed Instructions No. 6 and No. 7.

**Plaintiff's proposed Instruction No. 7.**

Plaintiff's proposed Instruction No. 7 (Doc. 76, page 9) and defendants' proposed Instruction No. 8 (Doc. 77, page 9) both state the elements of retaliation in *3C Fed. Jury Prac. & Instr. § 172:24 (6th ed.).* However, plaintiff modifies the pattern instruction to add the following sentence at the end: "A request for a reasonable accommodation is conduct protected by the ADA." *See* Plaintiff's Instructions (Doc. 76, page 9). Defendants object to the modification as

argumentative and adequately covered by other instructions and request the Court adopt the unmodified pattern instruction offered by defendants.

**Plaintiff's proposed Instruction No. 8.**

Plaintiff's proposed Instruction No. 8 (Doc. 76, page 10) is the punitive damages instruction from *3C Fed. Jury Prac. & Instr. § 172:74 (6th ed.)* with the following modification:

> In order to have acted in good faith, an employer must at least (1) adopt anti-discrimination policies, (2) make a good faith effort to educate its employees about these policies, and (3) make good faith efforts to enforce an anti-discrimination policy.

Defendants respectfully submit the jury should not be instructed on punitive damages at all in this case.  However, defendants also object to plaintiff's modification of the pattern instruction as argumentative.  In the event the Court allows a punitive damages instruction, defendants request their objection be sustained and the Court adopt the unmodified pattern instruction.

For these reasons, defendants respectfully request their objections to plaintiff's additional proposed instructions be sustained.

Respectfully submitted,



By /s/  *Matthew T. Geiger*
  Matthew T. Geiger KS # 19205
  Benjamin R. Prell KS # 21244
  10000 College Blvd., Suite 100
  Overland Park, Kansas 66210
  913-777-7681 (telephone)
  913-362-6729 (facsimile)
  mgeiger@geigerprell.com
  bprell@geigerprell.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on March 26, 2018, I electronically filed these Objections with the Clerk of the Court, which will send a copy to all counsel of record.

/s/  *Matthew T. Geiger*
Attorney for Defendants